ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF MAY 18, 1988, IN WHICH YOU REQUEST ADVICE AS TO THE CONSTITUTIONALITY OF THE TERMS OF RULE 10, SECTION 11 OF THE RULES OF THE 41ST SESSION OF THE HOUSE OF REPRESENTATIVES. HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU AN HIS BEHALF THROUGH THIS INFORMAL LETTER.
YOU INQUIRE AS TO THE LEGITIMACY OF THIS RULE, WHICH PERMITS THE SPEAKER OF THE HOUSE TO DETERMINE TO WHICH OF THE MANY COMMITTEES IN THE HOUSE OF REPRESENTATIVES A PARTICULAR BILL WILL BE ASSIGNED TO FOR REVIEW. YOUR CONCERN IS BASED ON THE TERMS OF ARTICLE II, 1 OF OUR CONSTITUTION. THE TERMS OF ARTICLE II, SECTION 1 STATE:
 "ALL POLITICAL POWER IS INHERENT IN THE PEOPLE; AND GOVERNMENT IS INSTITUTED FOR THEIR PROTECTION, SECURITY, AND BENEFIT, AND TO PROMOTE THEIR GENERAL WELFARE; AND THEY HAVE THE RIGHT TO ALTER OR REFORM THE SAME WHENEVER THE PUBLIC GOOD MAY REQUIRE IT: PROVIDED, SUCH CHANGE BE NOT REPUGNANT TO THE CONSTITUTION OF THE UNITED STATES."
THE MEANING OF THIS PROVISION WAS CONSTRUED BY THE OKLAHOMA SUPREME COURT ON SEVERAL OCCASIONS EARLY IN OUR STATE'S HISTORY. IN THOSE CASES, IT WAS THE OPINION OF THE COURT THAT THIS PROVISION INVESTED IN THE PEOPLE THE INHERENT RIGHT TO ALTER AND CHANGE ANY LAW OF THE STATE BY DIRECT VOTE, EVEN AS TO PROVISIONS OF THE STATE CONSTITUTION, UNLESS SUCH A CHANGE WOULD BE REPUGNANT TO THE FEDERAL CONSTITUTION. SEE COFIELD V. FARRELL, 134 P. 407, 421
(OKLA. 1913); SMITH V. STATE EX REL. HEPBURN, 113 P. 932,936 (OKLA. 1911)
(STATE VOTERS HAVE RIGHT TO AUTHORIZE MOVING STATE CAPITOL FROM GUTHRIE TO OKLAHOMA CITY, DESPITE CONTRARY PROVISION IN ENABLING ACT); AND STATE EX REL. EDWARDS V. MILLER,96 P. 747, 752 (OKLA. 1908).
ALONG SIMILAR LINES ARE CASES ESTABLISHING THAT THIS LANGUAGE SERVES TO LIMIT THE POWER OF THE LEGISLATURE, PROHIBITING IT FROM PASSING LAWS IF THE EFFECT OF SAME WOULD BE TO NULLIFY EXPRESS STATE CONSTITUTIONAL COMMANDS. SIMPSON V. HILL, 263 P. 635 (OKLA. 1927). SEE E.G., INDEPENDENT SCHOOL DISTRICT NO. 9 OF TULSA COUNT V. GLASS, 639 P.2D 1237 (OKLA. 1982).
IN THIS REGARD, THE OKLAHOMA CONSTITUTION, AND SPECIFICALLY ARTICLE V, SECTION 30 THEREOF, STATES, IN PERTINENT PART:
 "EACH HOUSE MAY DETERMINE THE RULES OF ITS PROCEEDINGS, PUNISH ITS MEMBERS FOR DISORDERLY BEHAVIOR, AND, WITH THE CONCURRENCE OF TWO-THIRDS, EXPEL A MEMBER."
IN ATTORNEY GENERAL OPINION NO. 79-203, IT WAS ADVISED:
 "EACH HOUSE HAS POWER TO ESTABLISH ITS OWN PROCEDURAL RULES, INCLUDING PROVISIONS FOR ADJOURNMENT SINE DIE, WHICH RULES CAN BE AMENDED AT ANY TIME."
IN SHORT, THE LANGUAGE THAT YOU HAVE ISOLATED FROM THE REMAINDER OF ARTICLE II, SECTION 1 DOES NOT PROHIBIT THE LEGISLATURE FROM ADOPTING INTERNAL RULES FOR THE ORDERLY AND EFFICIENT OPERATION OF ITS BUSINESS. INDEED, TO THE CONTRARY, ARTICLE V, SECTION 30 SPECIFICALLY ENVISIONS SUCH RULEMAKING.
(MICHAEL SCOTT FERN)